**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DANIEL M. SALGADO,

Petitioner,

v.

DAVE DAVEY, Warden,

Respondent.

Case No. EDCV 14-2612-ODW (JPR)

ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, and Report and Recommendation ("R&R") of the U.S. Magistrate Judge. On January 21, 2016, after two extensions of time, Petitioner, through counsel, filed Objections to the R&R. Most of Petitioner's objections simply repeat the arguments in his Petition and supporting memorandum, which were fully addressed in the R&R. Some of his arguments, however, merit a response.

Petitioner challenges the R&R's finding that the state court was not objectively unreasonable in finding that the trial court did not violate the Confrontation Clause by precluding any mention of a polygraph examination of a key prosecution witness, Jesus Gomez. (Objections at 4-12.) Petitioner argues that the "main purpose" of California Evidence Code section 351.1, which

prohibits the admission of polygraph evidence absent the parties' stipulation, was to "prevent juries from relying on the *results* of a polygraph," and it "was not designed for use in" the situation here, in which "the defense sought only to introduce portions of the . . . interview that showed Gomez *was under the impression* that [the examiner] thought he was lying." (Objections at 5.) But that argument ignores the explicit language of section 351.1, which prohibits the admission of evidence of not only the "results of a polygraph examination" but also "the opinion of a polygraph examiner, or any reference to an offer to take, failure to take, or taking of a polygraph examination."

Petitioner also argues that he has "found no California cases (and the State has offered none) addressing the admissibility of polygraph evidence where the proponent is not offering the evidence for the accuracy of its result, but for the effect the polygraph atmosphere had on the test-taker." (Objections at 6.) But as discussed in the R&R (R&R at 20), on direct review the state court of appeal found that section 351.1 prohibited the admission of such evidence absent the parties' stipulation, and that interpretation of California law is binding on this Court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Petitioner also states that "the R&R finds that referencing the polygraph would 'necessitate undue consumption of time, create confusion of the issues, and be highly prejudicial.'"

(Objections at 5 (quoting R&R at 24).) But the R&R's finding was in fact more limited than Petitioner represents: it concluded that "particularly under habeas review, the trial court did not abuse its wide discretion in prohibiting defense counsel from referring to the polygraph examination because its admission would 'necessitate undue consumption of time, create confusion of the issues, and be highly prejudicial.'" (R&R at 24 (quoting trial court's finding at Lodged Doc. 1, 17 Rep.'s Tr. at 2144).) As the R&R pointed out (R&R at 24-25), the Supreme Court has held that trial judges retain "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits" on cross-examination based on such concerns. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).

Petitioner also disputes the R&R's finding that the "state court could not have unreasonably applied federal law because the Supreme Court has never held that a defendant has the right to cross-examine a witness regarding the results of a polygraph examination or the effect his knowledge of that result had on his statement to police." (Objections at 9; see also R&R at 20-21.) He argues that this "reading of the 'unreasonably applied' standard and the Supreme Court law is overly restrictive and ignores case law permitting a broader application of certain Supreme Court law." (Objections at 9.) But as noted in the R&R (R&R at 21), the Supreme Court has in fact held, in analogous circumstances, that even a per se rule precluding admission of polygraph evidence does not violate the Constitution. See United States v. Scheffer, 523 U.S. 303, 305-07 (1998). And in any event, the R&R did not deny this claim "merely because

[Petitioner] cannot cite to a Supreme Court case that found a Sixth Amendment violation because of polygraph test exclusion," as Petitioner claims (Objections at 10); instead, it went on to find that the state court's denial of Petitioner's claim was not objectively unreasonable under applicable Supreme Court precedent (see R&R at 21-26).

Petitioner takes issue with the R&R's finding that given the other impeachment evidence, a rational jury would not have received a significantly different impression of Gomez's credibility had defense counsel been permitted to cross-examine him about the police investigator's statements concerning the polygraph results. (R&R at 21-22.) He argues that "none of these other sources of impeachment came close to revealing Gomez's state of mind at the time he confessed to the shooting" and that Gomez "admitted to being the shooter because he believed he had been caught in a lie." (Objections at 11.) But as discussed in the R&R (R&R at 23), Petitioner still has not explained why, had the polygraph evidence been admitted, the jury would not have been just as likely to conclude that the police investigator's telling Gomez that he failed the test was simply one more factor coercing him to falsely confess.[1] And in any event, Petitioner's argument is unpersuasive given the extensive impeachment evidence elicited by defense counsel on cross-examination. (See id. at 22-23 (discussing impeachment evidence).)

Petitioner also takes issue with the R&R's finding that the

---

[1]Nothing in the record indicates the actual results of the polygraph examination.

state court was not objectively unreasonable in rejecting his ineffective-assistance-of-counsel claims. (Objections at 12-18.) In the Petition and supporting memorandum, Petitioner argued that counsel was ineffective in failing to cross-examine Gomez regarding his motivation for implicating Petitioner as the shooter as opposed to one of the other accomplices. (Statement Supp. Pet. at 22-23.) Specifically, Petitioner argued that Gomez knew that two accomplices were in custody but Petitioner was not, and that Gomez knew that implicating Petitioner was therefore his "ticket to a plea bargain." (Id. at 23.) The R&R found that Petitioner's "proposed line of cross-examination would not have persuasively shown that Gomez had an incentive to identify Petitioner as the shooter" in part because Gomez also knew that a fourth accomplice, Robert Ariza, hadn't been identified or arrested by police and Petitioner "offer[ed] no explanation for why Gomez didn't therefore identify Ariza as the shooter." (R&R at 29.)

In his Objections, Petitioner contends that he had in fact offered an "explanation" (Objections at 12), pointing to his statement in the fact section of his supporting memorandum that Gomez knew that "Ariza had not yet been contacted by the police and thus was not likely a suspect" (Statement Supp. Pet. at 13). But Petitioner nowhere explained in that memorandum why Petitioner wouldn't have implicated Ariza simply because he was not yet under investigation. (See Statement Supp. Pet. at 21-25.) Indeed, as previously discussed, in the argument section of the memorandum Petitioner focused on why Gomez identified Petitioner as the shooter instead of the two accomplices who were

already in custody, not mentioning Ariza at all. (See id.) In his Objections (Objections at 12-13), Petitioner points to Gomez's testimony that he didn't initially identify Ariza as one of the accomplices because Gomez "felt that there was no need to put other people into this" (Lodged Doc. 1, 13 Rep.'s Tr. at 1798), but that has no bearing on whether Gomez believed that identifying Ariza to police would garner him benefits — indeed, it just as logically could show that Gomez didn't identify Ariza because he in fact was not the shooter.

Petitioner also argues that the R&R's declining to grant habeas relief based on his counsel's failure to move for a mistrial "rests on the presumption that the trial court would not have granted a mistrial had counsel so moved." (Objections at 15.) But the R&R also noted that "[h]ad counsel moved for a mistrial, the court may have opted to simply issue a curative instruction, something Petitioner had decided he didn't want," and that the trial court admonished the jury not to speculate about anyone else's prosecutions. (R&R at 35-36.) Thus, the R&R found that under the "doubly" deferential standard of review applicable to a state-court decision rejecting an ineffective-assistance-of-counsel claim, habeas relief was not warranted. (Id. at 36.)

Finally, Petitioner challenges the R&R's rejection of his claim that counsel was ineffective for asking a detective questions during cross-examination that suggested that one of the accomplices had been in the white truck, thereby "undercutting the primary defense theory." (Objections at 16.) He argues that the R&R was both "factually and legally incorrect" in finding

that "(1) the statements did not necessarily contradict Petition[er]'s statement to police, and (2) Detective Meyer did not actually agree with counsel's questions." (Objections at 16.) Petitioner, however, fails to demonstrate how those findings were factually incorrect. As the R&R noted (R&R at 37, 39), Petitioner himself acknowledged that that particular accomplice could have gone somewhere in the truck while Petitioner was in the liquor store. Petitioner also misunderstands the R&R's discounting of Petitioner's reliance on prosecutorial-misconduct cases, arguing that "a defense counsel's comments can be even *more* damaging" than a prosecutor's. (Objections at 17.) But the R&R simply followed the Supreme Court's instruction in Premo v. Moore, 562 U.S. 115, 127-28 (2011), that cases concerning other issues have no bearing on ineffective-assistance-of-counsel claims. (R&R at 39-40.)

Having reviewed de novo those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that the Petition is denied and Judgment be entered dismissing this action with prejudice.

DATED: February 17, 2016

OTIS D. WRIGHT, II
U.S. DISTRICT JUDGE